**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-cr-20113(S)-Smith/Hunt

UNITED STATES OF AMERICA

v.

DAN ROTTA, et al.

          Defendants.

**UNITED STATES' SPEEDY TRIAL REPORT**

The United States hereby files this Speedy Trial Report pursuant to Local Rule 88.5, regarding the status of this case under the Speedy Trial Act of 1984, 18 U.S.C. § 3161, *et seq*, and the Court's Order regarding Speedy Trial and Pretrial Matters. Dkt. No. 37, ¶ 12. The United States submits that—as of this writing—since arraignment on the original indictment (Dkt. No. 33), three hundred and fifteen excludable days and zero non-excludable days have elapsed pursuant to the Speedy Trial Act. Also, since Rotta's arraignment on the Superseding Indictment (Dkt. No. 72), forty-five excludable days and zero non-excludable days have elapsed pursuant to the Speedy Trial Act on the three newest charges (Counts 17, 18, and 22).

The filing of a superseding indictment does not reset the speedy trial clock for offenses charged in the original indictment. *See United States v. Young*, 528 F.3d 1294, 1296 (11th Cir. 2008). Rather, where a superseding indictment charges new defendants or new offenses, a new speedy trial clock begins to run for the new charges or defendants. *See United States v. Jones*, 601 F.3d 1247, 1258 (11th Cir. 2010) (rejecting defendant's claim that speedy trial clock for new charges in superseding indictment run from the date of arraignment on original charges); *see also United States v. Thomas*, 726 F.3d 1086, 1090 (9th Cir. 2013) (holding that new, distinct charges

"stand on their own and are subject to a new timing period" under the Speedy Trial Act); *United States v. Alford*, 142 F.3d 825, 829 (5th Cir. 1998) ("We see no logical basis for concluding that, when the government chooses to add in a superseding indictment charges that it is not required to join with the charges contained in the original indictment, it must bring the defendant to trial on the added charges within the time period remaining on the speedy trial clock applicable to the charges contained in the original indictment."); *United States v. Lattany*, 982 F.2d 866, 872 n.7 (3d Cir. 1992) ("If the subsequent filing charges a new offense that did not have to be joined with the original charges, then the subsequent filing commences a new, independent speedy trial period."). However, matters that toll the speedy trial clock with respect to the original charges continue to toll the speedy trial clock with respect to the new charges. See *United States v. Gonzales*, 897 F.2d 1312, 1317 (5th Cir. 1990).

The United States has accordingly calculated the speedy trial clock for counts 1-16 and counts 19-21 that were charged in the original indictment (the "Original Charges Speedy Trial Clock"), and separately calculated the speedy trial clock for the new charges added in Counts 17, 18, and 22 of the Superseding Indictment (the "New Charges Speedy Trial Clock").

### Original Charges Speedy Trial Clock

| Event | Date |
| --- | --- |
| Date of arrest on Complaint: | March 9, 2024 |
| Date of defendant's initial appearance: | March 11, 2024 |
| Date of Indictment | March 21, 2024 |
| Date of defendant's arraignment: | March 25, 2024 |
| Total number of days elapsed as of the date of this report: | 336 Days |
| Total number of days excluded from speedy trial computation: | 336 Days |

| Event | Date |
|---|---|
| Non-excludable speedy trial days elapsed as of the date of this Report: | 0 Days |
| Current last date upon which the defendant can be tried: | July 14, 2025 |
| Current trial date: | March 24, 2025 |

**Defendant Sergio Cernea**

Rotta's codefendant, Sergio Cernea, is a Brazilian citizen living in Brazil. He has not yet been apprehended on the original or Superseding Indictment against him, and thus has not been arraigned in the United States. Accordingly, Cernea's Speedy Trial clock has not begun to run. Cernea was transferred to fugitive status on April 30, 2024. Dkt. No 46.

**Defendant Dan Rotta**

The government's efforts to bring Cernea back to the United States are ongoing, but it is reasonably foreseeable that—at some point in the coming months—the Court may determine that the ends of justice warrant a severance of Rotta's trial from that of his co-defendant. Until then, under 18 U.S.C. § 3161(h)(6), the Court must exclude "a reasonable period of delay" while (i) Rotta is joined for trial with Cernea (whose Speedy Trial Clock has not yet run) and (ii) no motion for severance has been granted. Accordingly, every day since Rotta's arraignment has been excluded under the Speedy Trial Act.

The filing of pretrial motions also automatically stops the Speedy Trial clock, even if those motions are made orally. *See* 18 U.S.C. § 3161(h)(1)(D); *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011); *United States v. Broadwater*, 151 F.3d 1359, 1361 (11th Cir. 1998). When computing time, neither the day on which a motion is filed, nor the day on which the court disposes of the motion, are counted. *See United States v. Yunis*, 723 F.2d 795, 797 (11th Cir.

1984).

Rotta was arraigned on the Indictment against him on March 25, 2024 (Dkt. No. 36), and the Court set a trial date of May 20, 2024. Dkt. No. 36. On April 8, 2024, Rotta moved the Court to continue trial in this matter (Dkt. Nos. 38), which was granted on April 17, 2024. Dkt. No. 42. Accordingly, the Speedy Trial clock was tolled on a separate basis between April 8, 2024, and April 17, 2024.

In granting Rotta's motion for a continuance, the Court set a new trial date of March 24, 2025. Dkt. No. 41. The Court found that the delay in commencement of the trial was due to the nature and complexity of the case, and specifically found pursuant to 18 U.S.C. § 3161(h)(7) that the ends of justice served by the continuance outweighed the best interest of the public and the Defendant in a speedy trial. Dkt. No. 42. The Court therefore excluded the period of delay resulting from the continuance from the date the motion was presented through the start of trial *Id*. Accordingly, the Speedy Trial clock is also currently tolled on another independent basis between April 8, 2024, and March 24, 2025, with respect to the Original Charges Speedy Trial Clock.

**New Charges Speedy Trial Clock**

| Event | Date |
|---|---|
| Date of Superseding Indictment | October 31, 2024 |
| Date of defendant's re-arraignment on Superseding Indictment | December 20, 2024 |
| Total number of days elapsed as of the date of this report: | 66 Days |
| Total number of days excluded from speedy trial computation: | 66 Days |
| Non-excludable speedy trial days elapsed as of the date of this Report: | 0 Days |
| Current last date upon which the defendant can be tried: | July 28, 2025 |

| Event | Date |
|---|---|
| Current trial date: | March 24, 2025 |

**Defendant Sergio Cernea**

Because Cernea remains a fugitive, he has not yet been arraigned in the United States, and, accordingly, Cernea's Speedy Trial clock has not begun to run.

**Defendant Dan Rotta**

Rotta was re-arraigned on the Superseding Indictment against him on December 20, 2024 (Dkt. No. 86), and the Speedy Trial Clock on the new charges began to run on the day after his first appearance before a judicial officer on the new charges. *See* § 3161(c)(1).

However, on December 21, 2024, the United States filed an unopposed motion for a supplemental Ends of Justice Order from the Court, excluding the time between Rotta's arraignment on the Superseding Indictment and the parties' March 24, 2025, trial date. Dkt. No. 87. The government's motion tolled the running of the Speedy Trial Clock on the new charges until December 23, 2024, when the Court issued its supplemental Ends of Justice Order, excluding the remaining time between December 23, 2024, and March 24, 2025. Dkt. No. 89.

The government's efforts to bring Cernea back to the United States are ongoing, but it is reasonably foreseeable that—at some point in the coming months—the Court may determine that the ends of justice warrant a severance of Rotta's trial from that of his co-defendant. Until then, under 18 U.S.C. § 3161(h)(6), the Court must exclude "a reasonable period of delay" while (i) Rotta is joined for trial with Cernea (whose Speedy Trial Clock has not yet run) and (ii) no motion for severance has been granted. Accordingly, every day since Rotta's re-arraignment has also been excluded under the Speedy Trial Act on this separate ground.

The filing of pretrial motions also automatically stops the Speedy Trial clock, even if those motions are made orally. *See* 18 U.S.C. § 3161(h)(1)(D); *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011); *United States v. Broadwater*, 151 F.3d 1359, 1361 (11th Cir. 1998). When computing time, neither the day on which a motion is filed, nor the day on which the court disposes of the motion, are counted. *See United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984). In this case, Rotta filed motions to dismiss the Superseding Indictment on November 22, 2024, the government filed its response on December 20, 2024, and the matter is now under the advisement of the Court. The parties also filed motions *in limine* and Rotta moved the Court for a bill of particulars on January 23, 2025, and those motions remain pending. Accordingly, every day since November 22, 2024, have been excluded from the Speedy Trial Clock on the new charges on this basis as well.

Respectfully submitted,

DAVID A. HUBBERT
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

/s/ Sean Beaty

Sean Beaty, Senior Litigation Counsel
District Court No. A5501870
Mark Daly, Senior Litigation Counsel
District Court No. A5501435
William Montague, Trial Attorney
District Court No. A5502569
U.S. Department of Justice, Tax Division
(202) 616-2717
Sean.P.Beaty@usdoj.gov

## Certificate of Service

I HEREBY CERTIFY, that on February 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Sean Beaty*
Sean Beaty
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
