UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20113-CR-SMITH

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**DAN ROTTA,**

    Defendant.
_____/

### DEFENDANT'S SUPPLEMENTAL FILING TO IDENTIFY ISSUES OF DISPUTE RELATED TO PSR CALCULATION ON LOSS

Defendant Dan Rotta ("Mr. Rotta"), through undersigned counsel files this Supplemental Filing to Identify Issues of Dispute Related to the Presentence Investigation Report's ("PSR") Calculation on Loss. As noted in defendant Mr. Rotta's objection to the PSR [DE 173], Mr. Rotta objects to the PSR's tax loss calculations. *See* DE 173, at page 6. Mr. Rotta submits that the applicable tax loss is, at the most, $9,365,513. *Id*. The detail and rationale for that loss amount are contained in the attached **Exhibit 1**, and Mr. Rotta is prepared to proceed with any required evidentiary support at the sentencing hearing. This filing and Exhibit 1 are submitted to identify the specific areas in dispute related to tax loss and to assist the Court at the hearing to resolve these disputes. Mr. Rotta submits this filing in further support of that objection and states as follows:

1. **The Income from the Swiss Accounts Should be Treated as Subpart F Income Allowing Additional Expenses**

As noted in the factual basis, for most of the years at issue (2001-2017) Mr. Rotta had certain assets held in bank accounts at various banks in Switzerland. *See* Factual Basis [DE 160], ¶¶ 12-57. These accounts were held in the name of various foreign corporations. More

1

specifically, the accounts were held in the name of Vima, a foreign corporation, *id.*, ¶ 12; Pevima Limited, a BVI corporation, *id.*, ¶ 14; Citaro International Business Corporation, a BVI corporation, *id.*, ¶ 15; Sky Delta, a Hong Kong corporation, *id.*, ¶ 18; and Edelweiss Corporation, a BVI corporation, *id.*, ¶ 26.  These foreign corporations held the assets that were contained within the accounts at issue.

The foreign corporation accounts held corporate bonds that generated interest.  Here, the DOJ treated this income as if it was Mr. Rotta's directly earned income and disregarded the companies.  But, this had a limiting effect on the deductions or expenses that could be taken.  For example, if it took $100,000 in expenses to generate $1,000,000 in income—Mr. Rotta's expenses were reduced pursuant to the rules applicable to the individual taxing structure.  In other words, the Government seeks not to permit Mr. Rotta all of the expenses that were paid. The net result was that the Government is inflating Mr. Rotta's income and therefore his taxes owed.  This is wrong.

The income was in fact generated by foreign corporations, and while Mr. Rotta is the owner of these companies, the existence of these companies has a significant effect on the tax calculations.  A person who is a US person, and a shareholder of a foreign corporation, like Mr. Rotta, is responsible for paying taxes on his "foreign base company income."  26 U.S.C. §§ 951(a)(1) & 952(a)(2).  This type of income is generally referred to as "Subpart F income" based on the Internal Revenue Code.  Subpart F income, or "foreign base company income" includes "dividends, interest, royalties, rents and annuities."  26 U.S.C. § 954(a)(1) & 954(c)(1)(A).  In other words, it includes the interest income in the Swiss bank accounts held in corporate names. Importantly, this income "shall be reduced" to "take into account deductions (including taxes) properly allocable to such income. 26 U.S.C. § 954(b)(5).  Indeed, under 26 C.F.R. § 1.952-2, a

foreign corporation can deduct expenses related to the production of income.

When these rules are applied and the income is properly treated under the Internal Revenue Code, the expenses and related foreign taxes are not artificially limited as done by the DOJ. Indeed, when the income is properly treated as Subpart F income and the expenses are allow, the net effect of this is that Mr, Rotta's tax is reduced for each of the relevant years. The annual effect (and detail) for the reductions is contained in Exhibit A to this filing.

**2. There Are Additional Reductions that Should Be Properly Taken**

In addition to the improper treatment of the Subpart F income, there are other errors in the DOJ's calculations. Each of those errors is detailed in Exhibit 1. However, we highlight a few of these errors below:

- When Mr. Rotta filed his **2002** taxes, he properly listed himself as "head of household." However, in the DOJ calculations, the DOJ treated his return as single. This had an adverse tax effect on Mr., as single taxpayer rates are higher than those of head of household filers. The calculations contained in Exhibit 1 correct this error.

- In **2019**, Mr. Rotta made a payment with his taxes of $92,626. The DOJ, however, did not give Mr. Rotta all of this credit.

- In **2020**, as originally filed, Mr. Rotta made a payment of $25,764.59. Ordinarily that money would have been returned to Mr. Rotta as a refund. It was not. Instead, the IRS has placed it—but did not credit it—in a civil penalty account for 2015. Regardless, the IRS has the money, and the overall tax loss should be reduced by $25,764.59. In our calculations, we reduced the 2015 year—but the reduction could be used in 2020 as well. The net result is that $25,764.59 (the money with interest) paid to the IRS by Mr. Rotta in connection with his personal income taxes is not being credited to Mr.

3

Rotta on the DOJ's calculations.

In addition to the foregoing, there are additional errors through the DOJ's calculations—all of which are detailed in **Exhibit 1**.

## Conclusion

For all of the foregoing reasons, Mr. Rotta requests that the Court sustain his objection to the loss number.

Dated:  July 21, 2025                                              Respectfully submitted,

*/s/ Jared Dwyer*
JARED DWYER
Florida Bar No. 104082
dwyerje@gtlaw.com
BENJAMIN J. KATZ
Florida Bar No. 272219
Benjamin.Katz@gtlaw.com
EMILEY PAGRABS
Florida Bar No. 1030834
pagrabse@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue, Suite 4400
Miami, Florida 33131
Telephone:  305.579.0500
Facsimile:  305.579.0717

*Attorneys for Dan Rotta*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on July 21, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      */s/ Jared Dwyer*
                                      JARED E. DWYER